UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-534-GCM
(3:03-cr-134-GCM-4)

| | |
|---|---|
| MICHAEL STACEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Petitioner also seeks alternative relief under 28 U.S.C. § 2241 or under the writs of error coram nobis and audita querela. Petitioner is represented by Denzil H. Forrester. For the reasons that follow, the § 2255 petition will be dismissed. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds for relief.

**I. BACKGROUND**

On July 29, 2003, the Grand Jury for the Western District of North Carolina charged Petitioner Michael Stacey with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. (Criminal Case No. 3:03cr134, Doc. No. 1: Indictment). That same day, the Government filed notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to rely on Petitioner's prior, felony drug convictions for purposes of sentencing. (Id., Doc. No. 5: Information Pursuant to 21 U.S.C. § 851).

1

On November 20, 2003, Petitioner pled guilty to the conspiracy charge, pursuant to a written plea agreement. (Id., Doc. No. 49: Plea Agreement). The parties agreed that Petitioner was responsible for at least 500 grams but less than 1.5 kilograms of cocaine base and that Petitioner was a career offender under U.S.S.G. § 4B1.1. (Id. at 2). Notably, the parties' plea agreement also contained a waiver of Petitioner's right to seek post-conviction relief based on "28 U.S.C. § 2255, and similar authorities," from either his conviction or sentence, except for claims based on (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent Petitioner challenged the sentence on the basis that this Court's findings were inconsistent with explicit stipulations in the plea agreement or based on an unanticipated issue that this Court found and certified to require review by the Fourth Circuit. (Id. at 5).

Consistent with his plea agreement, Petitioner pled guilty before a federal magistrate judge in a hearing held on November 20, 2003, and conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 55: Acceptance and Entry of Guilty Plea). Petitioner acknowledged that he was, in fact, guilty of the drug conspiracy offense and affirmed that he understood he was expressly waiving the right to challenge his conviction and sentence in a post-conviction proceeding. (Id. at 3). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 4).

Petitioner's guidelines range of imprisonment, based on a total offense level of 34 and a criminal history category of VI, was between 262 and 327 months. (Id., Doc. No. 200 at 9; 13: Presentence Investigation Report). Petitioner qualified as a career offender under Sentencing Guidelines § 4B1.1, generating an adjusted offense level of 37, which was one level higher than the offense level of 36 based on drug quantity. (Id.). Because of Petitioner's prior drug

2

trafficking convictions, however, Petitioner was subject to a statutory, mandatory sentence of life imprisonment. (Id. at 17). On July 29, 2004, the Court granted the Government's motion to dismiss the § 851 Notice. See (Id., Doc. No. 114: Order). Ultimately, this Court sentenced Petitioner to 262 months' imprisonment, the low end of the guidelines range. (Id., Doc. No. 170: Amended Judgment).

Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment in an unpublished opinion on July 9, 2007. United States v. Stacey, No. 05-4900, 2007 WL 2005080 (4th Cir. July 9, 2007). On August 17, 2012, Petitioner filed the pending motion to vacate under 28 U.S.C. § 2255, seeking, in the alternative, relief under 28 U.S.C. § 2241 or under the writs of error coram nobis or audita querela. In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that his prior convictions no longer qualify as felonies in light of Simmons. On December 5, 2013, this Court ordered the Government to respond, and the Government filed its brief in response on February 10, 2014. (Doc. Nos. 3; 4).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As the Government notes in its Response, Petitioner's Simmons claim is subject to

3

dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. Petitioner has not presented a claim based on any of the exceptions to his waiver of the right to challenge his sentence in a collateral proceeding under § 2255. As to Petitioner's alternative grounds for relief under 28 U.S.C. § 2241 or under the writs of error coram nobis and audita querela, Petitioner similarly waived the right in his plea agreement to bring a Simmons claim under any of these alternative grounds for relief.[1]

IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2255 motion is dismissed. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds.

---

[1] In any event, Petitioner is not entitled to Simmons relief on his motion to vacate on the merits, as Petitioner's sentence was less than the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 21, 2014

Graham C. Mullen
United States District Judge